J-S01027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUIS OMAR COLON-ROQUE | : | |
| | : | |
| Appellant | : | No. 1256 MDA 2017 |

Appeal from the PCRA Order July 14, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003358-2014, CP-36-CR-0003369-2014

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 05, 2018**

Luis Omar Colon-Roque ("Appellant") appeals from the order denying his second Post Conviction Relief Act[1] ("PCRA") petition because it was untimely filed.  Appellant's counsel, R. Russell Pugh, Esq. ("Counsel"), has filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2]  We affirm and grant Counsel's petition to withdraw.

Appellant was charged at two dockets for related incidents committed

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The Commonwealth has submitted a letter indicating it will not file an appellee's brief.

on the same day. On April 30, 2015, he entered negotiated guilty pleas to: two counts of attempt to commit burglary and one count each of burglary and theft by unlawful taking.[3] The trial court accepted the sentences negotiated by the parties and imposed two terms of four to eight years' imprisonment for the two attempt counts and ten to 20 years' imprisonment for burglary, all to be served concurrently.[4] The ten-to-20 year sentence for burglary was imposed pursuant to the "second strike" sentencing statute because Appellant had a 2014 conviction for burglary. *See* 42 Pa.C.S.A. § 9714(a)(1) (any person convicted of a crime of violence shall, if previously convicted of a crime of violence, be sentenced to a minimum term of ten years).

Appellant did not file a direct appeal, but filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who then filed a ***Turner***/***Finley*** petition to withdraw. The court subsequently denied the PCRA petition without a hearing, after providing Pa.R.Crim.P. 907 notice, and granted Counsel's request to withdraw. Appellant took a *pro se* appeal, which this Court dismissed on December 13, 2016 for failure to submit a proper brief.[5]

_____

[3] 18 Pa.C.S.A. §§ 901(a), 3502(a)(1), and 3921(a). At the plea hearing, Appellant communicated through a Spanish interpreter.

[4] The sentence for theft by unlawful taking merged.

[5] *See Commonwealth v. Colon-Roque*, 359 MDA 2016 (judgment order Dec. 13, 2016) (Appellant's brief consisted solely of seven rambling
*(Footnote Continued Next Page)*

On June 13, 2017, Appellant filed the instant *pro se* PCRA petition, his second, arguing that his burglary sentence was illegal because Pennsylvania courts have ruled mandatory minimum statutes are unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013), and those decisions apply retroactively to him. Appellant's PCRA Pet. at 3 (unpaginated), ***citing Montgomery v. Louisiana***, 136 S.Ct. 718, 729 (2016) (when new substantive rule of constitutional law controls outcome of case, Constitution requires state collateral review courts to give retroactive effect to that rule); ***Commonwealth v. Wolfe***, 140 A.3d 651, 663 (Pa. 2016) (42 Pa.C.S.A. § 9718, imposing mandatory minimum sentences for certain crimes against minors is unconstitutional pursuant to ***Alleyne***); ***Commonwealth v. Munday***, 78 A.3d 661, 666 (Pa. Super. 2013) (42 Pa.C.S.A. § 9712.1, which imposed mandatory minimum sentences for certain drug offenses committed with firearms, violates ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), as interpreted by ***Alleyne***). Relying on this argument, Appellant asserted that his PCRA petition was timely under both 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii), as he was previously unaware of the "newly found evidence" of the judicial decisions and he was entitled to relief under a newly recognized right by the United States Supreme Court. Appellant's PCRA Pet. at 3, 6. Finally,

*(Footnote Continued)* ———————————

paragraphs lacking proper development or citation to relevant authority or record).

Appellant claimed his challenge to the legality of his sentence could not be waived.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing, and on July 14, 2017, dismissed the petition as untimely. The court reasoned, in part, that because Appellant's mandatory minimum burglary sentence was based on a prior conviction, **Alleyne** did not apply.

Appellant filed a *pro se* notice of appeal, and present Counsel, Attorney Pugh, was appointed to represent him. Counsel has now filed in this Court a petition to withdraw, as well as a short brief setting forth Appellant's claim that his PCRA petition was timely filed. Appellant has not filed a response.

We first consider Counsel's petition to withdraw. Pursuant to **Turner** and **Finley**, counsel seeking to withdraw from PCRA representation must:

> submit a "no-merit" ... brief ... to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court ... must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

After reviewing the record and Counsel's brief, we find Counsel has complied with the ***Turner***/***Finley*** procedural requirements. His petition to withdraw states that he conscientiously reviewed the record, researched Appellant's issue as well as other potential issues, and has concluded there are no meritorious issues and thus this appeal is frivolous. Counsel further states that he mailed a copy of his ***Turner***/***Finley*** brief to Appellant and advised him of his right to proceed *pro se* or with privately retained counsel.

Meanwhile, Counsel's ***Turner***/***Finley*** brief sets forth the appropriate procedural history of this case. Counsel argues that Appellant's June 13, 2017 PCRA petition was untimely, though not for the reasoning cited by the PCRA court. Counsel states that the petition was filed more than 60 days after ***Alleyne*** was decided. Counsel contends the petition did not assert a right to retroactive application of ***Alleyne***, but instead prospective application, and thus the timing of Appellant's petition relative to ***Alleyne***'s decision date is not relevant. Instead, Counsel maintains, the only pertinent date is the date Appellant's judgment of sentence became final, and the petition was filed improperly more than one year afterward.

We next conduct an independent review of Appellant's claim that his PCRA petition is timely under the timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii).

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." **Walters**, 135 A.3d at 591 (citation omitted).

> It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). [A] petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. ... 42 Pa.C.S.A. § 9545(b)(2)[.]

**Id.** at 591-92 (some citations omitted).

In **Commonwealth v. Reid**, 117 A.3d 777 (Pa. Super. 2015), this Court noted that **Alleyne** "held that the Sixth Amendment requires that any fact — **other than a prior conviction** — that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt," and "[i]mportantly, **Alleyne** did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses." **Id.** at 784-85 (emphasis added), **citing**, *inter alia*, **Alleyne**, 133 S.Ct. at 2160 n.1. The **Reid** Court then reasoned that because Section 9714 increases minimum sentences based on prior

convictions, the statute was not unconstitutional under **Alleyne**. **Id.** at 785.

In invoking the PCRA timeliness exceptions, Appellant implicitly conceded that his petition was untimely on its face.[6] Appellant's argument that he is entitled to relief under a newly announced constitutional right is meritless because his mandatory minimum sentence was based on a prior conviction pursuant to Section 9714, and **Reid** made clear that Section 9714 fell outside the purview of **Alleyne**. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii); **Reid**, 117 A.3d at 784-85. The cases relied upon by Appellant, **Wolfe** and **Munday**, are distinguishable because they address mandatory minimum statute sentences that were not based on a prior conviction, but instead on other facts. **See Wolfe**, 140 A.3d at 663; **Munday**, 78 A.3d at 666.

Furthermore, Appellant's reliance on any judicial decision to invoke the "newly discovered evidence" exception is mistaken, as judicial decisions are not "newly discovered facts" for purposes of Section 9545(b)(1)(ii). **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013). Finally,

---

[6] Regardless, we hold the PCRA court properly determined the petition was untimely. Appellant was sentenced on April 30, 2015 and did not file a direct appeal. Thus, his judgment of sentence became final on the day his time for taking an appeal concluded, Monday, June 1, 2015. **See** 1 Pa.C.S.A. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review or at expiration of time for seeking review); Pa.R.A.P. 903(a) (appeal shall be filed within 30 days of entry of order). Appellant had one year, until June 1, 2016, to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1); **Walters**, 135 A.3d at 591. The instant petition was filed one year later, on June 13, 2017.

"[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 331 (Pa. 1999). Accordingly, we agree with both the PCRA court and Counsel that Appellant's petition was not filed within one year of the date his judgment of sentence became final and he failed to properly plead any of the timeliness exceptions.[7] The PCRA court properly found it lacked jurisdiction to hear his petition. We therefore affirm the order dismissing the PCRA petition and grant Counsel's petition to withdraw. **See Walters**, 135 A.3d at 591-92.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2018

---

[7] Although, as Counsel points out, the PCRA court stated that any petition relying on **Alleyne** had to have been filed within 60 days of that decision and here, Appellant filed his petition more than four years later, the court also held that **Alleyne** does not apply in this matter. **See** PCRA Ct. Op. at 8. In any event, for the reasons set forth above, we hold both the court and Counsel properly concluded Appellant's petition was untimely.